## In re HARRIS.
### No. 7433.

District Court, E. D. Illinois.

July 14, 1939.

Baker, Lesemann, Kagy & Wagner, of East St. Louis, Ill., for objectors.

E. R. McHale, of East St. Louis, Ill., for debtor.

WHAM, District Judge.

The bankrupt's voluntary petition was filed May 24, 1937, and the adjudication entered on the same day. A trustee was appointed June 25, application for discharge filed July 24, objections to the application filed by the Public Loan Corporation, a scheduled creditor, August 6, the objections were withdrawn and discharge ordered October 4, and the case was closed on December 29, 1937.

The bankrupt was given leave to file and on June 6, 1939, did file a petition seeking to enjoin the Public Loan Corporation from enforcing a judgment obtained against the bankrupt on January 28, 1938, by said loan company in a suit filed in a justice of the peace court in East St. Louis, Illinois, on January 5, 1938. The amount of the judgment was $232.46, and its basis was the same indebtedness that was scheduled by the bankrupt but with the added fact, disputed by the bankrupt, that bankrupt had, after he was adjudicated, promised, in writing, to pay the said indebtedness regardless of his discharge in bankruptcy. The bankrupt's petition avers

488

that he made no such promise in writing, or otherwise, and that the writing containing the new promise was obtained from him by fraud without his knowledge of the contents of the paper. It is intimated, but not directly charged, that the trustee in bankruptcy was also attorney for the Public Loan Corporation and, acting in the dual capacity, fraudulently obtained bankrupt's signature to certain papers which were represented to him by the trustee as being necessary for his discharge, the contents of which the bankrupt did not know, but among which may have been the paper or writing which the Public Loan Corporation afterward relied upon as evidence of a new promise. Bankrupt asks an injunction against the enforcement of said judgment averring that his employer is being harassed by garnishment proceedings and by reason thereof bankrupt stands in danger of losing his job.

The Public Loan Corporation has filed motion to strike the aforementioned petition and the matter is before the court on this motion. The grounds of the motion is that the court is without jurisdiction to entertain the petition because (1) the suit was filed after bankrupt's discharge and (2) the bankrupt, represented by counsel, had opportunity to and did present in the state court, as his defense to the suit, the same matters set forth in his petition here and said matters were adjudicated, no appeal taken, and the adjudication has become final. Attached to the motion to strike are sworn affidavits supporting the factual allegations appearing in the motion, which affidavits stand uncontroverted.

In support of the jurisdiction of this court and its duty to retain and hear the petition on its merits bankrupt relies upon the following decisions: Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L. Ed. 1230, 93 A.L.R. 195; Sims v. Jamison, 9 Cir., 67 F.2d 409. See, also, In re Skorcz, 7 Cir., 67 F.2d 187.

The cases relied upon by the bankrupt, though enlightening, are of doubtful application. In each the bankruptcy court took jurisdiction of the bankrupt's petition as ancillary to the original bankruptcy proceeding for the purpose of securing to the bankrupt the advantages intended by the bankruptcy law to accrue to him in a bankruptcy proceeding and from the orders of court therein, including the order discharging the bankrupt from his dischargeable debts. In each case the court was called upon to determine the reach and effect of its own order of discharge as applied to debts and contracts made and entered into by the bankrupt prior to his adjudication. In Local Loan Co. v. Hunt, supra, and in Re Skorcz, supra, the question was as to the effect of a discharge in bankruptcy upon an assignment, made before adjudication, of wages to be earned in the future, to secure an existing debt, as to wages earned after adjudication. In Sims v. Jamison, supra, the question was as to the validity of a purported mortgage lien upon crops to be grown in the future, made and entered into before adjudication, when sought to be enforced after adjudication and after discharge against crops subsequently produced by bankrupt upon lands set apart to him in the bankruptcy proceedings as exempt. Each court held that it had and would entertain jurisdiction of the subject matter of the bankrupt's petition as a proceeding ancillary to the then pending bankruptcy proceeding, to determine the reach and effect of its own order of discharge upon scheduled debts and upon obligations and contracts of the bankrupt made before adjudication. In no case did an alleged promise by the bankrupt made after adjudication form the basis of the suit, prosecution of which the bankrupt sought to enjoin.

Here, the judgment, collection of which the bankrupt seeks to enjoin, was obtained in a suit founded upon an alleged new promise made by the bankrupt after adjudication to pay to the plaintiff the bankrupt's debt to him regardless of the bankruptcy proceedings and the bankrupt's discharge therein. That a new promise by the bankrupt to pay a scheduled debt, made subsequent to the filing of his petition in bankruptcy, will operate to revive and renew the debt and supersede the discharge in bankruptcy is well-settled law. Gilbert's Collier on Bankruptcy, pp. 384–387, §§ 574–578. That a state court would have jurisdiction to hear a suit based on such new promise is unquestioned. All proper defenses would be available to the bankrupt in the courts of the state.

After consideration, in the light of authorities, I seriously doubt the right of a bankruptcy court to entertain, as an ancillary proceeding in a bankruptcy case, a petition by the bankrupt for injunctive relief, based, not upon any question concerning the validity or effectiveness of the

discharge as barring a debt or promise ante-dating the filing of the petition in bankruptcy, but based entirely upon an assertion of fraud in the procurement of an alleged new promise allegedly reviving the debt after petition in bankruptcy filed. Such controversy would not appear to be any part of the bankruptcy proceedings nor properly ancillary thereto.

■■ If a petition filed in apt time clearly charged that the alleged new promise was obtained from the bankrupt by means of fraud exercised in the bankruptcy proceeding itself, the court would entertain the petition with sedulous interest. Undoubtedly, a trustee in bankruptcy, who, representing a particular creditor as its attorney, uses his position as trustee to obtain from the bankrupt a new promise favoring his own personal client but not the other creditors, whether by fraud, duress, or otherwise, would be subject to discipline. But here the petition for relief was filed a year and a half after bankrupt knew all the facts and even now it only hints at fraud exercised in and as a part of the bankruptcy proceeding. Such petition is insufficient and comes too late.

Another distinction between the situation presented by bankrupt's petition here and that presented in the cases relied upon by the bankrupt is that in each of those cases the bankrupt filed his petition for injunction in the bankruptcy court while the suit in the state court involving his discharge was pending, before trial and final judgment and before the state court had adjudicated the questions raised in the petition. Here, the petition was not presented until nearly a year and a half after the suit in the state court, of which the state court had undoubted jurisdiction, had been disposed of after a trial in which bankrupt was present with his counsel and had his day in court, and after judgment against the bankrupt had become final and the time for appeal had elapsed. If, under the facts stated in his petition, the bankrupt could ever have had any standing in the bankruptcy court, as a court of equity, he has long since been barred, both by his extreme laches and by the finality of the state court judgment in a suit in which the court had jurisdiction of the subject matter and the parties.

The motion to strike will be and is hereby sustained and bankrupt's petition may be stricken from the files.